IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Northern Illinois Insurance Agency, Inc., ) | |
| ) | Case No. 13 C 50248 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Leading Insurance Group Insurance ) | |
| Company, Ltd (US), et al., ) | |
| ) | Judge Philip G. Reinhard |
| Defendants. ) | |
| ) | |

**ORDER**

For the reasons stated below, defendants' motion [36] to dismiss the claims in Counts VIII, IX, X, and XI of plaintiff's complaint is granted. These claims are dismissed with prejudice. Plaintiff-counterdefendant's motion [38] to dismiss is granted as to the claims in Count I of the counterclaim and denied as to the claims in Count III of the counterclaim. Count I of the counterclaim is dismissed with prejudice.

**STATEMENT-OPINION**

Plaintiff, Northern Illinois Insurance Agency, Inc., filed an amended complaint against defendants, Leading Insurance Group Insurance Company, LTD (US) ("LIG") and Leading Insurance Services, Inc. ("LIS"). The original complaint was filed in state court. Defendants removed to federal court based on diversity of citizenship. Defendants moved to dismiss all of the claims in the original complaint. The court denied the bulk of this motion, allowing most of the claims to stand, but granted it as to the claims set forth in Counts IV, IX and X of the original complaint. The dismissal of these claims was without prejudice and plaintiff's amended complaint re-pleads some of these claims. Defendants move [36] pursuant to Fed. R. Civ. P. 8, 9 and 12(b)(6) to dismiss the claims set forth in Counts VIII, IX, X, and XI of the amended complaint. Defendants also filed a counterclaim [34]. Plaintiff moves [38] to dismiss Counts I and III of the counterclaim pursuant to Fed. R. Civ. P. 12(b)(6).

Counts VIII, IX, X, and XI of the amended complaint are all brought under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") (815 ILCS 505/1 et seq.) The court dismissed the ICFA claim in the original complaint. One of the reasons for this dismissal was that the complaint alleged various statements made by defendants to someone other than plaintiff. These allegations did not plausibly allege how defendants could have intended that

1

plaintiff rely on these representations to third parties. Defendants' intent that plaintiff rely on defendants' representations was a necessary element to state a claim for deception under ICFA.

In the amended complaint, plaintiff argues it is not claiming defendants' intended plaintiff to rely on these statements but rather that plaintiff has a claim for these representations to third parties because the third parties were consumers, defendants intended to induce these consumers to rely on the representations, and plaintiff, as a business-plaintiff, has alleged a nexus with Illinois consumers.

A non-consumer, like plaintiff, must meet the consumer nexus test to plead a cause of action under the ICFA based on representations made to someone other than plaintiff. To do so plaintiff must plead: 1) that its actions were akin to a consumer's actions to establish a link between it and consumers: 2) how defendant's representations concerned consumers other than plaintiff; 3) how defendant's particular actions involved consumer protection concerns; and 4) how the requested relief would serve the interests of consumers. Thrasher-Lyon v. Illinois Farmers Ins. Co., 801 F. Supp.2d 898, 912 (N.D. Ill. 2012) (Castillo, J.). Plaintiff must allege defendants' deceptive practices were directed to the market generally. Id.

Plaintiff clearly fails to meet the consumer nexus test. It does not allege any representations to the market generally. Rather, it alleges representations made only to its customers. Customers for whom it had bound policies with defendants. Customers who were also customers of defendants. The misrepresentations allegedly made to these customers were false statements that the customers' policies were not being renewed or false statements that the customers' payments had not been received or a false statement that a notice of property loss had not been submitted. None of these has implications for the market generally. Id. As the court in MidAmerican Energy Co. v. Utility Resources Corp., No. 03 C 2313, 2003 WL 22359526, *5 (N.D. Ill. Oct. 15, 2003) (Gettleman, J.) observed in dismissing an ICFA claim, "[d]efendant is not alleged to have made a misrepresentation to the general public or to any actual or potential customers of plaintiff who were not also clients of defendant. In short, the case is a simple private business dispute that in no way implicates consumer protection concerns."

Plaintiff maintains its Count XI claim is not subject to the consumer nexus test. Count XI alleges plaintiff has an ICFA claim based on violation of section 2(a)(12) of the Illinois Uniform Deceptive Trade Practices Act ("UDTPA") (815 ILCS 510/2(a)(12).) The ICFA makes the use of any practice described in section 2 of the UDTPA "in the conduct of any trade or commerce" unlawful under the ICFA. Section 2(a)(12) of the UDTPA provides a person engages in a deceptive trade practice when in the course of the person's business the person: "engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding." 815 ILCS 510/2(a)(12). Thus, plaintiff contends defendants violated the ICFA by engaging in conduct that violated the UDTPA by creating "a likelihood of confusion or misunderstanding" when defendants made false statements about non-renewal of policies, non-payment of premiums, and non-receipt of a notice of property loss.

2

The fact the ICFA defines certain practices that violate the ICFA by incorporating the terms of another statute does not alter the requirements for pleading an ICFA violation. The alleged deceptive practice must be "directed to the market generally or otherwise implicate[] consumer protection concerns," Conditioned Ocular Enhancement, Inc. v. Bonaventura, 458 F. Supp. 2d 704, 710 (N.D. Ill. 2006) (Zagel, J.), to be actionable under the ICFA. Defendants are only alleged to have communicated with customers of plaintiff who were also customers of defendants. ICFA liability does not stretch that far.[1] The claims in Counts VIII, IX, X, and XI of plaintiff's complaint must be dismissed.

Plaintiff-counterdefendant ("Northern") moves to dismiss Counts I and III of defendants' counterclaim. Count I is an ICFA claim. It alleges Northern obtained rate quotes from defendants-counterplaintiffs ("Insurers") for policies for two customers, advised those customers Insurers were the insurers on these policies, then Northern altered the policies to charge the customers higher premiums than those quoted by Insurers. Northern remitted the lower amount to Insurers and kept the difference. Insurers allege Northern misrepresented to Insurers the amount of premiums Northern was collecting from the two customers. Insurers contend this gives them an ICFA claim. These allegations all arise out of the contractual relationship between the parties. The contract imposes obligations related to the collection and remittance to Insurers of premiums charged on policies bound by Northern and issued by Insurers. If Northern was lying to Insurers about the premiums it was collecting and remitting to Insurers, it may have been breaching the contract by failing to meet its contractual obligations relating to collecting and remitting. An ICFA claim requires a distinct deceptive act apart from the factual foundation on which the breach of contract claim rests. See Greenberger v. GEICO General Ins. Co., 631 F.3d 392, 399 (7th Cir. 2011). This is lacking from Insurers' allegations. To the extent Insurers are claiming Northern made misrepresentations to the customers, the claim fails to establish a consumer nexus as discussed above. Count I of the counterclaim must be dismissed.

Count III of the counterclaim is for breach of contract for failure to remit collected premiums. Northern moves to dismiss it for failure to state a claim. Northern contends Count III does not give it adequate notice of the claims against it because Count III does not specify which provision of which contract is being breached. Northern also argues that a review of the contracts, which are attached as exhibits to the amended complaint, shows it had no obligation to remit all premiums collected to Insurers.

It is certainly true that Insurers could have provided more information as to the contractual provisions they are claiming were breached. However, if the court were to grant Northern's motion as to this count, it would have to allow Insurers an opportunity to re-plead. This would likely draw another motion to dismiss and consume several more months in its briefing and resolution. This would be a waste of time. This case will be proceeding on Counts I through VII of plaintiff's amended complaint and Counts II and IV of the counterclaim whether

---

[1] Because the lack of a pled consumer nexus requires dismissal of the claims in Counts VIII, IX, X, and XI, the court need not address defendants' other arguments in favor of dismissal.

3

Count III of the counterclaim is dismissed with leave to re-plead or not.  Northern has enough information to proceed in defending this claim.  The motion to dismiss Count III of the counterclaim is denied.

      For the foregoing reasons, defendants' motion [36] to dismiss the claims in Counts VIII, IX, X, and XI of plaintiff's complaint is granted.  These claims are dismissed with prejudice.  Plaintiff-counterdefendant's motion [38] to dismiss is granted as to the claims in Count I of the counterclaim and denied as to the claims in Count III of the counterclaim.  Count I of the counterclaim is dismissed with prejudice.

Date: 6/23/2014                        ENTER:

                                               *Philip G. Reinhard*

                                         United States District Court Judge

                                                     Electronic Notices. (LC)